## Bibey v. Bibey

*Charles R. Rosamilia,* for plaintiff.
*Michael K. Hanna,* for defendant.

BROWN, *P.J.,* And now, September 17, 1982, upon consideration of the above-referenced petition to reinstate support order and the parties' respective arguments, it is hereby ordered that the aforesaid petition be dismissed and the requested reinstatement of the spousal support order entered to no. 225-81 (Domestic Relations Section) be denied for the following reasons:

(1) The support order in question was entered to a separate and independent action in the Domestic

Relations Section. Traditionally, a spousal support order entered in such an action has terminated with the parties' divorce. There is no express provision in the Divorce Code of 1980 changing this rule of law, nor are there any appellate decisions on the subject.

(2) Plaintiff's citation to Klein v. Klein, 20 D. & C. 3d 482 (1980) has been reviewed and rejected in the absence of any appellate authority adopting that position. Even with the adoption of the Divorce Code of 1980, this court believes there are clear distinctions between a support order entered in a domestic relations proceeding and alimony pendente lite or alimony orders entered under the Divorce Code. Admittedly there is some confusion in this area with the advent of the Divorce Code, but it is deemed to be of some significance that the Code only mentions the word "support" generically and does not specifically authorize the entry of a support order. Section 104. Definitions does not define "Support" as a separate term but instead uses it only in defining the terms "Alimony" and "Alimony pendente lite." Also, Chapter 5 of the Code specifically provides only for the allowance of alimony and alimony pendente lite. While section 504 provides for the payment of child support and spousal support along with alimony or alimony pendente lite to the domestic relations section, nowhere in the Code has the legislature authorized the award of child support or spousal support unless one indulges in a form of bootstrapping with section 504. Perhaps this was a legislative oversight, but if so it ought to be corrected by the legislature.

(3) The concern in Klein, supra, regarding the temporary support of a dependent spouse during the pendency of the divorce proceeding is adequately covered by § § 104 and 504 of the code. In

this particular case, plaintiff in her divorce complaint has requested the resolution of a number of related claims including alimony pendente lite. Thus, an award of alimony pendente lite can be entered to replace the terminated spousal support order to no. 225-81. This can be done retroactively to the appropriate time, and if plaintiff is in dire straits, the court upon motion will consider expediting the alimony pendente lite claim, bypassing the master, and hearing it directly and promptly.